**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE:** | **MDL DOCKET NO. 3055** |
| **SAMSUNG ELECTRONICS AMERICA, INC. CUSTOMER DATA SECURITY BREACH LITIGATION** | |

**THE NEW JERSEY MOVANTS' RESPONSE TO THE MOTION FOR TRANSFER
AND FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 3

I.    Transfer for Consolidation or Coordination of Pretrial Proceedings Is Proper. ........................ 3

II.   The Panel Should Centralize the Related Actions in the District of New Jersey As It is the Most Appropriate Forum ................................................................................................... 6

      A.    Most of the Defendants, Witnesses, And Evidence Are Located in the District of New Jersey. ................................................................................................. 6

      B.    The Greatest Number of Related Actions Have Been Filed In The District of New Jersey .............................................................................................................. 7

      C.    The District Of New Jersey Is the Most Suitable and Convenient Forum for the Related Actions. ...................................................................................................... 7

      D.    The District of New Jersey Has the Resources, Judicial Expertise, and Favorable Caseload to Conduct Efficient Pretrial Proceedings. ............................................... 8

CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**                                                                                         **Page(s)**

*In re Actos Prods. Liab. Litig.*,
    840 F. Supp. 2d 1356 (J.P.M.L. 2011)...........................................................................8

*In re Aggrenox Antitrust Litig.*,
    11 F. Supp. 3d 1342 (J.P.M.L. 2014)...........................................................................6

*In re: Am. Med. Collection Agency Inc., Customer Data Sec. Data Breach Litig.*,
    No. 2:19-md-02904 (D.N.J. July 31, 2019) ................................................................8

*In re Ashley Madison Customer Data Sec. Breach Litig.*,
    148 F. Supp. 3d 1378 (J.P.M.L. 2015)..........................................................................4

*In re Battlefield Waste Disposal Litig.*,
    655 F. Supp. 2d 1374 (J.P.M.L. 2009)..........................................................................8

*Becker v. Samsung Electronics America, Inc.*,
    No. 2:22-cv-05723 (D.N.J. Sep. 26, 2022) .................................................................1

*In re Cardiac Devices Qui Tam Litig.*,
    254 F. Supp. 2d 1370 (J.P.M.L. 2003)..........................................................................6

*In re Commodity Exchange, Inc., Silver Futures & Options Trading Litig.*,
    775 F. Supp. 2d 1382 (J.P.M.L. 2011)..........................................................................6

*In re Corn Derivatives Antitrust Litig.*,
    486 F. Supp. 929 (J.P.M.L. 1980)................................................................................9

*DiPaola, et al. v. Samsung Electronics America, Inc.*,
    No. 2:22-cv-5724 (D.N.J. Sep. 26, 2022) ...................................................................1

*In re Enron Corp. Secs., Derivative & ERISA Litig.*,
    196 F. Supp. 2d 1375 (J.P.M.L. 2002)..........................................................................7

*Fernandez v. Samsung Electronics America, Inc.*,
    No. 2:22-cv-05745 (D.N.J. Sep. 27, 2022) .................................................................1

*In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*,
    787 F. Supp. 2d 1355 (J.P.M.L. 2011).......................................................................6, 7

*FTC v. Wyndham Worldwide Corp.*,
    No. 13-cv-1887, 2014 WL 2812049 (D.N.J. June 23, 2014)......................................8

*George v. Jaguar Land Rover North America LLC*,
    No. 2:20-cv-17561 (D.N.J. Dec 01, 2020) .................................................................10

*Harmer v. Samsung Electronics America, Inc.*,
   No. 2:22-cv-01437 (D. Nev. Sep. 6, 2022).................................................................5

*In re Hawaiian Hotel Room Rate Antitrust Litig.*,
   438 F. Supp. 935 (J.P.M.L. 1977)..........................................................................4

*In re Horizon Healthcare Services Inc. Data Breach Litig.*,
   No. 2:13-cv-07418 (D.N.J.)....................................................................................9

*In re Horizon Organic Milk Plus DHA Omega-3 Mktg. and Sales Practices Litig.*,
   844 F. Supp. 2d 1380 (J.P.M.L. 2012)...................................................................6

*In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods.
Liab. Litig.*,
   220 F. Supp. 3d 1356 (J.P.M.L. 2016)................................................................6, 7

*Kirkman v. Investors Bancorp, Inc.*,
   No. 2:20-cv-14574 (D.N.J. Oct 16, 2020) .............................................................10

*Lustig v. Daniel Markus, Inc., et al.*,
   No. 2:20-cv-00379 (D.N.J. Jan 10, 2020)...............................................................9

*Martinez v. Broadridge Fin. Solutions, Inc. et al.*,
   No. 2:20-cv-03722 (D.N.J. Apr 07, 2020) ..............................................................9

*In re MF Global Holdings Ltd. Inv. Litig.*,
   857 F. Supp. 2d 1378 (J.P.M.L. 2012)...................................................................6

*In re Preferential Drug Prods. Pricing Antitrust Litig.*,
   429 F. Supp. 1027 (J.P.M.L. 1977)........................................................................9

*In re Prempro Prods. Liab. Litig.*,
   254 F. Supp. 2d 1366 (J.P.M.L. 2003)...................................................................8

*In re Publ'n Paper Antitrust Litig.*,
   346 F. Supp. 2d 1370 (J.P.M.L. 2004)...................................................................7

*In Re: Qualcomm Antitrust Litig.*,
   No. 3:17-md-02773-JSC (N.D. Cal.) ..................................................................2, 10

*Reilly v. Ceridien Corp.*,
   No. 10-cv-5142, 2011 WL 735512 (D.N.J. Feb. 22, 2011) .....................................9

*In re Rembrandt Techs, LP, Patent Litig.*,
   493 F. Supp. 2d 1367 (J.P.M.L. 2007) ...................................................................5

*Robinson v. Samsung Electronics America, Inc.*,
   No. 2:22-cv-05722 (D.N.J. Sep. 26, 2022) .............................................................1

*Rollins v. Samsung Electronics America, Inc.*,
    No. 2:22-cv-05767 (D.N.J. Sep. 29, 2022) ..............................................................................1

*In re Seresto Flea & Tick Collar Mktg., Sales Practices & Prods. Liab. Litig.*,
    No. 3009, 2021 WL 3523464 (J.P.M.L. Aug. 11, 2021) ...........................................................3

*In re Sonic Corp. Customer Data Sec. Breach Litig.*,
    276 F. Supp. 3d 1382 (J.P.M.L. 2017)........................................................................................4

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    802 F. Supp. 2d 1370 (J.P.M.L. 2011)........................................................................................4

*In re Sugar Indus. Antitrust Litig.*,
    395 F. Supp. 1271 (J.P.M.L. 1975)..............................................................................................4

*In re Valsartan N-Nitrosodimethylamine Ndma Contam. Prods. Liab. Litig.*,
    363 F. Supp. 3d 1378 (J.P.M.L. 2019)........................................................................................5

*In re Vioxx Prods. Liab. Litig.*,
    360 F. Supp. 2d 1352 (J.P.M.L. 2005)........................................................................................3

*In re Wal- Mart ATM Fee*,
    785 F. Supp. 2d 1380 (J.P.M.L. 2011).......................................................................................6

**Statutes**

28 U.S.C. § 1407................................................................................................................ *passim*

Plaintiffs Anthony DiPaola, Keanna Cole, Peggy Rodriguez, Indea Sanchez, Angelina Alvarado Scott, Amanda Malota, Angela Robinson, Andrew Becker, and Jorge Fernandez (collectively, the "New Jersey Movants")[1] in the actions *DiPaola, et al. v. Samsung Electronics America, Inc.*, No. 2:22-cv-5724-WJM-CLW (D.N.J. Sep. 26, 2022), *Robinson v. Samsung Electronics America, Inc.*, 2:22-cv-05722-WJM-CLW (D.N.J. Sep. 26, 2022), *Becker v. Samsung Electronics America, Inc.*, 2:22-cv-05723-WJM-CLW (D.N.J. Sep. 26, 2022), and *Fernandez v. Samsung Electronics America, Inc.*, 2:22-cv-05745-WJM-CLW (D.N.J. Sep. 27, 2022), respond to the Motion for Transfer and for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 filed by Plaintiffs in *Seirafi*.[2] As explained below, the New Jersey Movants support transfer for centralization, but respectfully submit that because Samsung's corporate headquarters is in New Jersey and the majority of pending actions have been filed in New Jersey, it is a superior transferee choice than the Northern District of California.

## INTRODUCTION

On September 2, 2022, Samsung announced a data security breach through which an "unauthorized third party acquired information from some of Samsung's U.S. systems" ("Data Breach").[3] As of the date of this filing, twelve putative class actions have been filed in six

---

[1] The New Jersey Movants represent all actions filed in the District of New Jersey as of the date of this filing, with the exception of *Rollins v. Samsung Electronics America, Inc.*, 2:22-cv-05767-WJM-CLW (D.N.J. Sep. 29, 2022) ("*Rollins*"). The New Jersey Movants do not represent the *Rollins* action, and are not filing on their behalf.

[2] *See* Plaintiffs' Motion for Transfer of Actions, *In re: Samsung Customer Data Sec. Breach Litig.*, MDL No. 3055 (J.P.M.L. Oct. 7, 2022), ECF No. 1-1 (filed by Plaintiffs in *Seirafi, et al. v. Samsung Electronics America, Inc.*, No. 3:22-cv-05176 (N.D. Cal.) ("*Seirafi*")).

[3] *See Important Notice Regarding Customer Information*, SAMSUNG ELECTRONICS AMERICA, INC. (Sep. 2, 2022), available at: https://www.samsung.com/us/support/securityresponsecenter/ (referred to as the "Notice"). The Notice was issued by Samsung Electronics America, Inc., a Delaware company maintaining its executive headquarters at 85 Challenger Road, Ridgefield Park, NJ 07660.

federal district courts ("Related Actions"). The Plaintiffs in all these cases seek to hold Samsung accountable for failing to protect the sensitive and confidential Personally Identifiable Information ("PII") of its millions of customers in the United States. The extent of the Data Breach is still under investigation, but Samsung admits that the stolen information may include "names, contact and demographic information, dates of birth, and product registration information."[4] The Related Actions make the same core factual allegations, assert essentially the same legal claims, and seek to represent the same or overlapping classes.  Accordingly, the New Jersey Movants agree that transfer for coordinated or consolidated pretrial proceedings is appropriate under 28 U.S.C. § 1407.

The New Jersey Movants respectfully disagree that the Northern District of California is the most appropriate transferee court. First, while Samsung maintains a research subsidiary in California, its corporate headquarters and Privacy Office are located in Ridgefield Park, New Jersey. The key witnesses and parties are most likely in New Jersey, and transferring the Related Actions across the country would not serve the "convenience of parties and witnesses." 28 U.S.C. § 1407(a).

Second, while undoubtedly qualified to manage this MDL, the Honorable Jacqueline Scott Corley was recently assigned a nationwide MDL, *In Re: Qualcomm Antitrust Litig.*, 3:17-md-02773-JSC (N.D. Cal.).  While it is not unheard of or impossible for a single district judge to manage more than one MDL at a time, antitrust litigation in general, and antitrust MDLs in particular, tend to be supremely complex and challenging.  Thus, for Judge Corley to administer the Related Actions would potentially strain judicial resources which is certainly unnecessary

---

[4] According to Samsung's privacy policies, these categories more specifically include customer interactions with applications, advertisements, and websites visited, precise geolocation data, postal addresses, email addresses, telephone numbers, and media consumed by each Plaintiff and Class member.

given the other factors which point to New Jersey as the most appropriate transferee forum.

The District of New Jersey is, in fact, the most appropriate forum: the parties, witnesses, headquarters, majority of Related Actions and events leading to those actions—all occurred in this District. The Data Breach involves servers controlled by Samsung's New Jersey headquarters and Samsung's New Jersey Privacy Office oversees preventive and remedial actions for data security. Combined with Samsung's presence, more Related Actions are pending in the District of New Jersey than any other District, so the center of gravity is New Jersey. Accordingly, the New Jersey Movants respectfully submit that the Panel should assign this matter to the District of New Jersey, a court with ample judicial resources, docket conditions well suited for this litigation, and a central location that is highly convenient for the parties.

## **ARGUMENT**

### I.      **Transfer for Consolidation or Coordination of Pretrial Proceedings Is Proper.**

Transfer to a single jurisdiction for coordinated or consolidated pretrial proceedings is appropriate when actions pending in various districts involve one or more common questions of fact, and transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). In exercising its discretion under § 1407(a), the Panel considers whether transfer will help "eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005).

The Panel has long recognized that lawsuits seeking to represent overlapping classes are particularly well suited for centralization "because of the likelihood of overlapping or conflicting class definitions or orders and the benefits to be derived from handling all such actions in a single court." David H. Herr, MULTIDISTRICT LITIGATION MANUAL § 5:14 (2001); *see also In re*

*Seresto Flea & Tick Collar Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 3009, 2021 WL 3523464, *1381 (J.P.M.L. Aug. 11, 2021) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification motions; and conserve the resources of the parties, their counsel, and the judiciary."); *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) ("Section 1407 centralization is especially important to ensure consistent treatment of the class action issues." (citing *In re Folding Carton Antitrust Litig.*, 415 F. Supp. 384, 386 (J.P.M.L. 1976))); *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) ("[T]ransfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determination exists.") (internal citations omitted). In particular, the Panel has repeatedly found that § 1407 transfer is appropriate where multiple putative consumer class actions depend on the same data breach and seek to represent overlapping classes. *See, e.g.*, *In re Sonic Corp. Customer Data Sec. Breach Litig.*, 276 F. Supp. 3d 1382, 1383 (J.P.M.L. 2017); *In re Ashley Madison Customer Data Sec. Breach Litig.*, 148 F. Supp. 3d 1378, 1379–80 (J.P.M.L. 2015); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 802 F. Supp. 2d 1370, 1371 (J.P.M.L. 2011).

This case is no different. Each of the twelve putative class actions arise from the same data breach, and the Plaintiffs seek to represent overlapping classes. Questions about the facts and circumstances surrounding the cyberattack and Samsung's data security measures cut across all the Related Actions. Consolidating the cases will thus serve § 1407(a)'s objective of eliminating duplicative discovery and conserving resources of the parties, their counsel, and the courts. It makes little sense for discovery to proceed in twelve cases independently when it will be targeted to the same core facts.

Moreover, although there are specific legal and factual differences among the Related Actions, all of these cases arise out of and seek to hold Samsung responsible for the same cyber-attack and involve overlapping claims and theories of liability. Consequently, the cases will present identical legal and factual issues. Transfer for centralization would conserve judicial resources and prevent inconsistent rulings by ensuring that the same judge decides such motions. In addition, transfer would promote orderly and efficient case management, as a single judge can provide a single schedule for discovery and pretrial motions that is convenient for all of the various parties.

These cases are also appropriate for transfer because they are in their infancy. The first case was filed on September 6, 2022,[5] and Samsung has not yet responded to any of the operative complaints. Accordingly, the work of the transferee court will not duplicate the effort of any transferor court or create inconsistent rulings.[6] Finally, informal coordination is not a viable option in a dispute with such a significant number of matters, plaintiffs, and counsel. *See In re Valsartan N-Nitrosodimethylamine Ndma Contamination Prods. Liab. Litig.*, 363 F. Supp. 3d 1378, 1382 (J.P.M.L. 2019) ("We find that Section 1404 transfer is not a practicable alternative to centralization, given the number of actions, districts, and counsel for plaintiffs and defendants . . . The number of involved districts and counsel also would make efforts to informally coordinate discovery and pretrial motions impracticable.").

---

[5] The first-filed action was filed in the District of Nevada and was voluntarily dismissed on September 28, 2022. *See Harmer v. Samsung Electronics America, Inc.*, 2:22-cv-01437-APG-NJK (D. Nev. Sep. 6, 2022) (Dismissed). The later-filed cases have not advanced enough to give weight to the order in which they were filed. *See, e.g.*, *In re Rembrandt Techs, LP, Patent Litig.*, 493 F. Supp. 2d 1367, 1369 (J.P.M.L. 2007) (transferring to the District of Delaware despite the first-filed being in the Eastern District of Texas).

[6] Samsung has informed the New Jersey Movants' counsel of its intention to file motions to stay the individual actions until the Panel can resolve this Petition.

II.     **The Panel Should Centralize the Related Actions in the District of New Jersey As It is the Most Appropriate Forum**

The Panel considers various factors when determining the proper venue for transfer and consolidation or coordination. Among the factors to be assessed include: (1) the location of the parties, witnesses, and documents; (2) where the greatest number of cases were filed; (3) the relative convenience of each potential venue; (4) the familiarity and expertise of the transferee district and transferee judge with the underlying issues present in the litigation; and (5) judicial case disposition statistics in the potential transferee districts.[7] These factors support transfer to and consolidation or coordination in the District of New Jersey.

A.     **Most of the Defendants, Witnesses, And Evidence Are Located in the District of New Jersey.**

In deciding which district is appropriate for transfer and consolidation or coordination, the Panel considers the location of a defendant. *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1359 (J.P.M.L. 2016) ("*Johnson & Johnson*") (selecting District of Jersey because principal defendant was headquartered there); *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, 787 F. Supp. 2d 1355, 1357 (J.P.M.L. 2011) (same).

Samsung Electronics America, Inc. maintains both its executive headquarters and Privacy Office in this District. The Notice informing Plaintiffs and members of the Class of the data breach listed the address for Samsung as "85 Challenger Road, Ridgefield Park, NJ 07660," and the Notice identified the New Jersey entity as having its "systems" infiltrated, not the systems of

---

[7] *See In re MF Global Holdings Ltd. Inv. Litig.*, 857 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012); *In re Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014); *In re Wal- Mart ATM Fee*, 785 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011); *In re Commodity Exchange, Inc., Silver Futures & Options Trading Litig.*, 775 F. Supp. 2d 1382, 1383 (J.P.M.L. 2011); *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. and Sales Practices Litig.*, 844 F. Supp. 2d 1380, 1380 (J.P.M.L. 2012); *In re Cardiac Devices Qui Tam Litig.*, 254 F. Supp. 2d 1370, 1373 (J.P.M.L. 2003).

a subsidiary. The Panel typically considers the nexus between the evidence and witnesses relevant to the related actions and the location of the MDL proceeding. *See Fosamax (No. II)*, 787 F. Supp. 2d at 1357 (selecting the District of New Jersey because "witnesses and documents of the common defendant...are located within the District of New Jersey"). Here, potential witnesses and evidence are likely located within the District of New Jersey, so transfer to this District is appropriate. *See id*.

      **B.**    **The Greatest Number of Related Actions Have Been Filed In The District of New Jersey.**

The Panel has often looked to where the most significant number of cases have been filed as a way to select a particular transferee forum. *See, e.g.*, *Fosamax (No. II)*, 787 F. Supp. 2d at 1357 (selecting the District of New Jersey, citing "the number of cases pending there"); *In re Enron Corp. Secs., Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (selecting transferee district where most actions had been brought). To date, five of the twelve Related Actions have been filed in the District of New Jersey, the most of any other District, and so this factor favors its selection as the transferee forum.

      **C.**    **The District Of New Jersey Is the Most Suitable and Convenient Forum for the Related Actions.**

In choosing an appropriate transferee district, the Panel also considers the convenience of the parties, their counsel, and potential witnesses. *See Johnson & Johnson*, 220 F. Supp. 3d at 1359 (transferring actions to District of New Jersey because the district "is a convenient and accessible forum for this nationwide litigation"); *In re Publ'n Paper Antitrust Litig.*, 346 F. Supp. 2d 1370, 1372 (J.P.M.L. 2004) (selecting the transferee district because the "district is a geographically convenient location, given the location of the principal defendants and potential defendants and witnesses"). This factor also favors the transfer to and consolidation or

coordination of the Related Actions in the District of New Jersey.

The District of New Jersey is a central and easily accessible location for all parties in the Related Actions, a factor that the Panel has given weight in choosing a transferee forum. *See In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1368 (J.P.M.L. 2003) (selecting transferee district based, in part, on its geographic centrality). The Martin Luther King Building & U.S. Courthouse of the District of New Jersey is within a 5-minute drive (barring traffic conditions) of Newark Liberty Airport ("EWR"), which offers regular flights to the places where the parties in the Related Actions are located. EWR is one of the largest airports in the United States. As of 2021, EWR served 29,049,552 passengers, which made it the 29th busiest airport by passenger traffic in the world. Moreover, Samsung's corporate headquarters is located less than a 30-minute drive from the Newark vicinage.

### D.   The District of New Jersey Has the Resources, Judicial Expertise, and Favorable Caseload to Conduct Efficient Pretrial Proceedings.

The District of New Jersey offers the judicial expertise, resources, and favorable caseload to conduct efficient pretrial proceedings. *See In re Battlefield Waste Disposal Litig.*, 655 F. Supp. 2d 1374, 1375 (J.P.M.L. 2009) (transferring actions to an "experienced transferee judge who has a caseload favorable to accepting this assignment"); *In re Actos Prods. Liab. Litig.*, 840 F. Supp. 2d 1356, 1357 (J.P.M.L. 2011) (assigning the MDL to a judge with no other pending MDLs despite defendants' request for the MDL to be centralized elsewhere). The District of New Jersey has handled numerous complex MDL and non-MDL class actions, including actions involving data breaches. *See, e.g., In re: Am. Med. Collection Agency Inc., Customer Data Sec. Data Breach Litig.*, No. 2:19-md-02904 (MCA) (MAH) (D.N.J. July 31, 2019); *FTC v. Wyndham Worldwide Corp.*, No. 13-cv-1887, 2014 WL 2812049 (D.N.J. June 23, 2014); *In re Horizon Healthcare Services Inc. Data Breach Litig.*, 2:13-cv-07418 (D.N.J.); *Reilly v. Ceridien Corp.*,

No. 10-cv-5142, 2011 WL 735512 (D.N.J. Feb. 22, 2011).

The Panel also considers the case disposition statistics of the proposed transferee district courts and each's ability to move the actions forward. *See, e.g.*, *In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 932 (J.P.M.L. 1980) (transferring cases to the District of New Jersey where it had "disposed of its cases quicker than the other three districts); *In re Preferential Drug Prods. Pricing Antitrust Litig.*, 429 F. Supp. 1027 (J.P.M.L. 1977). As of June 30, 2022, the median time from filing to disposition in the District of New Jersey was 7.6 months, a lower figure than the Northern District of California and similar to that of the other Districts for the Related Actions.[8] Moreover, since his election in 2020, President Biden appointed six new district court judges have been seated in the District of New Jersey and two more are presently in the pipe-line.  This is obviously highly significant when the panel considers docket conditions in any particular district.

Furthermore, there are numerous capable district judges in the district who would be outstanding candidates for this MDL.  Judge William J. Martini, to whom all Related Actions filed in New Jersey are assigned, does not currently have an MDL assigned and is highly experienced in managing complex class actions against large corporate defendants. Judge Martini has served as a United States District Judge for over 20 years.  In just the past five years, Judge Martini has maintained responsibility for multiple complex class actions, including, but not limited to: *Lustig v. Daniel Markus, Inc., et al.*, No. 2:20-cv-00379 (D.N.J. Jan 10, 2020); *Martinez v. Broadridge Fin. Solutions, Inc. et al.*, No. 2:20-cv-03722 (D.N.J. Apr 07, 2020); *Kirkman v. Investors Bancorp, Inc.*, No. 2:20-cv-14574 (D.N.J. Oct 16, 2020); *George v. Jaguar Land Rover North America LLC*, No. 2:20-cv-17561 (D.N.J. Dec 01, 2020); and *James, et al. v.*

---

[8] *See* U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (June 30, 2022) (available at https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0 630.2022_0.pdf).

*Global Tel Link Corp.*, et al., No. 2:13-cv-04989 (D.N.J. Aug. 20, 2013).

The panel also often considers assigning MDLs to more recently appointed Judges and in this regard, the District of New Jersey is more than well situated with a wealth of outstanding Judges who are not currently assigned an MDL including Judges John M. Vazquez,[9] Christine P. O'Hearn,[10] Zahid N. Quraishi,[11] and Julien X. Neals.[12] Each one of these Judges would be an outstanding candidate for this single defendant MDL. And, as already noted, Judge Corley is already presiding over a complex antitrust MDL. *See In Re: Qualcomm Antitrust Litig.*, 3:17-md-02773-JSC (N.D. Cal.).

In sum, the New Jersey Movants submit that when considered in light of all the relevant factors, the District of New Jersey is the most favorable transferee jurisdiction.

## <u>CONCLUSION</u>

For all these reasons, the New Jersey Movants respectfully request that the Panel transfer and consolidate or coordinate the Related Actions in the District of New Jersey.

---

[9] Judge Vazquez, appointed to the bench on January 29, 2016, is a seasoned trial attorney with a deep knowledge of trial practice.

[10] Senator Cory Booker described Judge O'Hearn as a "talented, experienced, and distinguished litigator." Judge O'Hearn was appointed to the bench on October 22, 2021.

[11] Judge Quraishi was appointed to the bench on June 22, 2021 and is the first Muslim Federal District Court judge in United States history.

[12] Judge Neals was appointed to the bench on June 22, 2021. Before that appointment, Senator Bob Menendez describe Judge Neals as "an outstanding nominee who has devoted his entire career to the practice of law in his home state of New Jersey. Throughout his three decades in the legal profession, he served in many diverse roles. Every step of the way, he has impressed those around him with his integrity, sound judgment, and commitment to equal justice and fair administration of the law."

DATED: October 25, 2022                    Respectfully submitted,


/s/ Christopher A. Seeger                  /s/ James E. Cecchi
Christopher L. Ayers                       James E. Cecchi
**SEEGER WEISS LLP**                       **CARELLA, BYRNE, CECCHI,**
55 Challenger Road 6th Floor               **BRODY & AGNELLO, P.C.**
Ridgefield Park, NJ 07660                  5 Becker Farm Road
Tel.: (973) 639-9100                       Roseland, New Jersey 07068
cayers@seegerweiss.com                     Telephone: (973) 994-1700
                                           jcecchi@carellabyrne.com

*(Becker v. Samsung Electronics America,   (DiPaola, et al. v. Samsung Electronics America,*
*Inc., 2:22-cv-05723-WJM-CLW (D.N.J.))*    *Inc.,    Case    No.    2:22-cv-05724-WJM-CLW*
                                           *(D.N.J.))*


/s/ Mary L. Russell                        /s/ Linda P. Nussbaum
Mary L. Russell                            Linda P. Nussbaum
**FINE, KAPLAN AND BLACK, R.P.C.**         **NUSSBAUM LAW GROUP, P.C.**
One South Broad Street, 23rd Floor         1211 Avenue of the Americas, 40th Floor
Philadelphia, PA 19107                     New York, NY 10036-8718
Tel: (215) 567-6565                        Tel: (917) 438-9189
mrussell@finekaplan.com                    Email: lnussbaum@nussbaumpc.com

*(Fernandez    v.    Samsung    Electronics   (Robinson v. Samsung Electronics America, Inc.,*
*America,  Inc.,  2:22-vv-05745-WJM-CLW       2:22-cv-05722-WJM-CLW (D.N.J.))*
*(D.N.J.))*


*Attorneys for Movants Anthony DiPaola, Keanna Cole, Peggy Rodriguez, Indea*
*Sanchez, Angelina Alvarado Scott, Amanda Malota, Angela Robinson, Andrew*
*Becker, and Jorge Fernandez, and Plaintiffs in the Actions listed above*