**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: SAMSUNG ELECTRONICS AMERICA, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | : : : : : |

MDL DOCKET NO. 3055

**ROLLINS PLAINTIFFS' RESPONSE TO THE MOTION TO TRANSFER
RELATED CASES FOR CONSOLIDATED PRETRIAL PROCEEDINGS
PURSUANT TO 28 U.S.C. § 1407**

Plaintiff Joseph Rollins and Plaintiffs Alex Chandler and Seledia Serina (collectively "Rollins Plaintiffs") respectfully submit this response to Plaintiffs Naeem Seirafi's and Shelby Holtzclaw's ("Seirafi Plaintiffs") Motion to Transfer Related Cases for Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 (ECF No. 1). Rollins Plaintiffs support centralization of the Related Actions in the District of New Jersey before the Honorable William J. Martini.

**INTRODUCTION**

Defendant Samsung Electronics America, Inc. ("Samsung"), a global industry leader in technology, announced on September 2, 2022, that cybercriminals had illegally accessed and stolen confidential customer data from millions of Samsung customers' accounts. This announcement was made almost a month after Samsung stated it discovered the data breach.

*Rollins v. Samsung Electronics America, Inc.*, No. 2:22-cv-5767 (D.N.J.) and *Chandler v. Samsung Electronics America, Inc.*, No. 2:22-cv-06241 (D.N.J.), are two of thirteen federal actions that allege Samsung violated consumer protection laws by failing to protect customer data. Rollins Plaintiffs agree with Seirafi Plaintiffs that centralization is appropriate pursuant to 28 U.S.C. § 1407 but seek transfer of the cases listed in the Schedule of Actions filed concurrently herewith (collectively, "the Related Actions"), as well as any tag-along cases subsequently filed involving

1

similar facts or claims, to the U.S. District Court for the District of New Jersey for coordinated or consolidated proceedings.

The District of New Jersey is the transferee district best suited to take on this multidistrict litigation because Samsung is headquartered there, relevant documents and witnesses will be found there, and it is where corporate decisions were ultimately made with regard to Samsung's data security systems, procedures and practices, and response to the data breach. While Samsung's data may have affected consumers throughout the country, it was caused by the actions of Samsung's employees who are located in the District of New Jersey. Thus, Rollins Plaintiffs respectfully requests that this Panel grant their Motion and transfer and centralize all related actions to the District of New Jersey.  In the alternative, if New Jersey is not a viable candidate for transfer, Rollins Plaintiffs support transfer to the Northern District of California.

## BACKGROUND OF THE LITIGATION

The Related Actions arise from the same set of operative facts. All plaintiffs allege that Defendant Samsung is a global leader in technology that produces a wide range of consumer and industrial electronic products, including smartphones and televisions, as well as home appliances, including refrigerators, stoves, and washer and dryers. Plaintiffs and other Samsung consumers cannot access many of the features of their Samsung devices or access other device-related benefits without first creating a "Samsung Account." A Samsung Account requires consumers to provide their sensitive personal data to Samsung, including, their names, dates of birth, postal addresses, precise geolocation data, email addresses, phone numbers, the Samsung products they own, and other information. Consumers also provide Samsung with their personal data when purchasing or receiving Samsung's devices and services.

2

On September 2, 2022, Samsung announced that cybercriminals had illegally accessed and stolen confidential customer data from millions of Samsung customers' accounts, including their name, contact information and demographic information, date of birth, and product registration information.[1] Samsung claimed it had discovered this data breach "[o]n or around August 4, 2022" after an "ongoing investigation."[2]

Plaintiffs also allege that this was not Samsung's first data breach in 2022. Samsung experienced another data breach in March 2022 that exposed internal company data, including the source code related to its Galaxy smartphones, algorithms related to Samsung smartphone biometric authentication, bootloader source code to bypass some of Samsung's operating systems controls, source code for Samsung's activation servers, and full source for technology used for authorizing and authenticating Samsung accounts. Because Samsung experienced this earlier data breach, it should have been particularly aware of the vulnerability of its security systems.[3]

The Related Actions all have common legal issues. All Related Actions allege that Samsung was negligent in its protection of confidential customer data and that Samsung violated consumer protection laws. Each Related Action generally seeks certification of similar classes. And each Related Action seeks similar relief.

## ARGUMENT

The Related Actions filed against Samsung all assert that Samsung was negligent in its protection of confidential customer data and violated consumer protection laws. Coordination of these Related Actions is necessary to avoid duplicate discovery, promote just and efficient conduct

---

[1] Samsung, *Important Notice Regarding Customer Information*, https://www.samsung.com/us/support/securityresponsecenter/ (last accessed Oct. 26, 2022).
[2] *Id.*
[3] Vllad Savov & Heejin Kim, *Samsung Says Hackers Breached Company Data, Galaxy Source Code*, BLOOMBERG, https://www.bloomberg.com/news/articles/2022-03-07/samsung-says-hackers-breached-company-data-galaxy-source-code (last accessed Oct. 26, 2022).

of these cases, and prevent inconsistent rulings. Transfer to the District of New Jersey will bring the Related Actions to a centralized court that is located in the same district as Samsung's headquarters.

**I.     The Related Actions are Appropriate for Transfer and Coordination Pursuant to 28 U.S.C. § 1407.**

Actions alleging common questions of fact may be transferred and consolidated or coordinated pursuant to Section 1407, if transfer will facilitate the convenience of the parties and witnesses and will promote the just and efficient conduct of the transferred cases. *See* 28 U.S.C. § 1407. Typically, the Panel considers four factors when determining whether to transfer a case under Section 1407:

1. the elimination of duplication in discovery;

2. the avoidance of conflicting rules and schedules;

3. the reduction of litigation cost; and

4. the conservation of time and effort of the parties, attorneys, witnesses, and courts.

*See* Manual for Complex Litigation (Fourth) § 20.131 (2004) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)). Each of these factors favors transfer and consolidation of the cases filed against Samsung.

**A.     The Actions Concern One or More Common Question of Fact.**

Consolidation is appropriate if the Related Actions present common questions of fact. *See In re Sonic Corp. Customer Data Sec. Breach Litig.*, 276 F. Supp. 3d 1382, 1383 (J.P.M.L. 2017). This Panel has found common questions of fact where the related actions arise from the same data breach. *See, e.g.*, *In re T-Mobile Customer Data Sec. Breach Litig.*, 576 F. Supp. 3d 1373, 1375 (J.P.M.L. 2021) (finding "[c]ommon factual questions will include: T-Mobile's data security practices and whether those practices met industry standards; how the malfeasants obtained access

to T-Mobile's system; the extent of the personal information affected by the breach; when T-Mobile knew or should have known of the breach; and T-Mobile's investigation into the breach"); *In re Marriott Int'l, Inc.*, 363 F. Supp. 3d 1372, 1374 (J.P.M.L. 2019) ("The factual overlap among these actions is substantial, as they all arise from the same data breach, and they all allege that Marriott failed to put in to place reasonable data protections.").

The Related Actions here all arise from the data breach Samsung announced on September 2, 2022. The Related Actions here all allege similar common law claims and consumer protection act violations. And each Complaint generally seeks certification of similar classes. Thus, the "common questions of fact" criterion is satisfied pursuant to Section 1407(a).

### B.      Duplicate Discovery Will Occur Without Transfer and Consolidation.

Because the Related Actions arise from the same set of operative facts, the parties will engage in duplicative discovery if the Related Actions are not transferred and consolidated. The plaintiffs will need to depose the same persons and seek the same documents from Samsung. Samsung will raise the same defenses, argue the same class certification and discovery objections, seek the same protective orders, and assert the same privileges in each case. Accordingly, consolidation of the Related Actions will permit the parties to coordinate their efforts in a single proceeding, thereby promoting efficiency, preserving judicial resources, and minimizing the overall expense for the parties and witnesses. *See In re Marriott Int'l, Inc.*, 363 F. Supp. 3d at 1374 ("Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary."); *In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322, 1325 (J.P.M.L. 2017) (same). Thus, the "duplicative discovery" and "reduction of cost" criteria are satisfied pursuant to Section 1407(a).

C.       **Consolidation and Transfer Will Prevent Conflicting Rulings.**

When evaluating if consolidation and transfer of related actions is appropriate, the Panel considers possible inconsistent rulings on pretrial issues because of potential *res judicata* or collateral estoppel effects on other cases. *See In re Enron Sec. Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (granting a transfer and consolidation in part to avoid conflicting pretrial rulings, particularly with respect to questions of class certification); *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 405 F. Supp. 1402, 1403-04 (J.P.M.L. 1975) ("[M]atters concerning class certification should be included in the coordinated or consolidated pretrial proceedings in order to prevent inconsistent rulings and promote judicial efficiency"). Because the factual and legal allegations are substantially similar in each of the Related Actions, there is a greater possibility of conflicting pretrial rulings. In addition, because the allegations are similar, Samsung will assert the same defenses in opposition to the plaintiffs' claims, creating another risk for inconsistent rulings. Accordingly, transfer and consolidation of the Related Actions is appropriate.

II.      **The District of New Jersey is the Appropriate Transferee Forum.**

Rollins Plaintiffs respectfully submit that the Panel should consolidate these cases in the District of New Jersey. The selection of an appropriate transferee forum depends greatly on the specific facts and circumstances of the litigation being considered for coordination and involves a "balancing test based on the nuances of a particular litigation," that considers several factors. *See* Robert A. Cahn, *A Look at The Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977). Among the factors to be assessed are the nexus between the case and the proposed transferee district, including (1) the location of the parties, witnesses and documents; (2) the respective caseloads of the proposed transferee district courts; (3) the accessibility of the

proposed transferee district to parties and witnesses; and (4) the familiarity and expertise of the transferee district with the underlying issues present in the litigation. *See In re Horizon Organic Milk Plus DHA Omega-3 Mktg. and Sales Practices Litig.*, 844 F. Supp. 2d 1380, 1380 (J.P.M.L. 2012); *In re Cardiac Devices Qui Tam Litig.*, 254 F. Supp. 2d 1370, 1373 (J.P.M.L. 2003). These factors indicate that the District of New Jersey is the appropriate transferee venue for the centralization of the Related Actions.

A.      **The District of New Jersey Best Serves the Convenience of the Parties and Witnesses.**

Transfer of all Related Actions to the District of New Jersey best serves the convenience of the parties and witnesses because Samsung is headquartered there, and it is the location where discovery related to the consumer protection violations is likely to be. *See In re Capital One Customer Data Sec. Breach Litig.*, 396 F. Supp. 3d 1364, 1364 (J.P.M.L. 2019) (transferring related data breach action to District of Virginia because defendant Capital One was headquartered within the district and had relevant witnesses and documents there); *In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322, 1326 (J.P.M.L. 2017) (transferring related data breach action to the Northern District of Georgia because "Equifax is headquartered in that district, and relevant documents and witnesses thus likely will be found there").

Seirafi Plaintiffs argue that Samsung's "decision making processes affecting data and privacy stem from its San Francisco offices" based on the LinkedIn page of a single Samsung employee that states the employee works in "Big Data" out of the San Francisco office. But "Big Data" at Samsung does not involve data security or privacy, and the Seirafi Plaintiffs offer no factual support for the assertion that it does. Samsung states on its website the following under the tagline "What is Big Data?":

> Data is no longer limited to organized information stored in columns and rows. As digital devices become more embedded in our daily lives, the volume and types of data available are growing at an exponential pace. With the development of advanced

analytics, computers can now automatically spot patterns in new data sources. From audio and visual recordings to sensory information, almost anything can be turned into data. In the era of big data, creating efficient solutions to store, organize and analyze these complex information holds the key to uncovering meaningful trends and predictions.[4]

Based on this description, it appears that "Big Data" is a form of data analytics, which is not at issue here. Accordingly, it is doubtful that relevant witnesses or discovery that could speak to Samsung's data security or privacy practices would be located in San Francisco.

The District of New Jersey, on the other hand, appears to be where Samsung's decisions related to data security and privacy are made. The September 2, 2022 data breach announcement provided Samsung's address as "85 Challenger Road, Ridgefield Park, NJ 07660." Samsung also advertises Security Analyst positions for its Ridgefield Park, New Jersey headquarters.[5] The position involves "security monitoring and control, and efficient ways to respond to security breach incidents."[6]

Further, Newark, New Jersey is easily accessible for all parties. All plaintiffs in the Related Actions can access Newark, New Jersey through the Newark Liberty Airport, which serves Delta, American, United, and Jet Blue airlines, as well as over 29 million passengers annually as of 2021.[7] *See In re Sonic Corp. Customer Data Sec. Breach Litig.*, 276 F. Supp. 3d 1382, 1383 (J.P.M.L. 2017) (transferring action to the Northern District of Ohio, in part, because the location is "easily accessible"). Samsung would also have easy access to Newark. Its headquarters is located less than a

---

[4] *See* Samsung, *Digital revolution and big data*, https://semiconductor.samsung.com/insights/topic/big-data/ (last accessed Oct. 26, 2022).

[5] Info-Sec, https://infosec-jobs.com/job/17030-security-analyst/?utm_campaign=google_jobs_apply&utm_source=google_jobs_apply&utm_medium=organic (last accessed Oct. 26, 2022).

[6] *Id.*

[7] *See* Port Authority of NY NJ, *Data & Statistics, Airport Traffic Statistics*, https://www.panynj.gov/airports/en/statistics-general-info.html (last accessed Oct. 26, 2022).

932840.1

30-minute drive from the Martin Luther King Building & U.S. Courthouse of the District of New Jersey. Accordingly, for these reasons, the Panel should find the District of New Jersey is the appropriate transferee forum.

      **B.**      **The District of New Jersey is Better Positioned to Efficiently Adjudicate the Consolidated Actions.**

The District of New Jersey has the resources and capacity that the coordinated docket will require. The Panel's October 14, 2022 Pending MDL Report shows that there are currently eleven MDLs pending within the District of New Jersey, while the Northern District of California, Seirafi Plaintiffs' proposed transferee venue, has eighteen pending MDLs.[8] Accordingly, the District of New Jersey is the more appropriate transferee forum because it will not disproportionately bear the burden of an assignment. *See In re Bard IVC Filters Prods. Liab. Litig.*, 122 F. Supp. 3d 1375, 1377 (J.P.M.L. 2015) (transferring MDL to the District of Arizona, in part, because it "is not burdened by many MDLs").

The District of New Jersey also has seasoned jurists that can steer this litigation. Judge William J. Martini, to whom all Related Actions filed in New Jersey are assigned, is an experienced and capable jurist who has handled MDLs in the past. *See, e.g.*, *In re: Tropicana Orange Juice Marketing & Sales Practices Litig.*, 2:11-cv-07382; *In re: Morgan Stanley Smith Barney LLC Wage and Hour Employment Practices Litig.*, 2:11-cv-3121. Judge Martini also has a greater capacity to devote time and effort to a consolidated matter as he currently has not been assigned any MDLs.

The Seirafi Plaintiffs, on the other hand, have proposed the Honorable Jacquelyn Scott Corley to take on this MDL. While Judge Corley is a well-respected and capable jurist, she is already handling

---

[8] *See* https://www.jpml.uscourts.gov/pending-mdls-0 (last accessed Mar. 22, 2022).

9

an MDL that is still in the Motion to Dismiss phase. *See In Re: Qualcomm Antitrust Litig.*, 3:17-md-02773-JSC (N.D. Cal.). Thus, it is likely this MDL will consume judicial resources for years to come. For these reasons, the Panel should find that the District of New Jersey has the capacity and the specific judicial resources that this docket will require and is well positioned to accept transfer of the actions.

> ### C.   The Related Actions Should Not Be Transferred to the Northern District of California Solely Because the First-Filed Case is Located There.

Seirafi Plaintiffs also argue the Related Actions should be transferred to Northern District of California because the earliest-filed still active case is located there.[9] But all the Related Actions have been filed in the last two months and none have progressed substantially in discovery. Because these cases are roughly on the same track, and no one case is more procedurally advanced than the others, the fact that a case was filed in one location a few weeks before another is immaterial and does not weigh in favor of transfer to the Northern District of California, a forum that is not home to Samsung.

Nevertheless, should this Panel believe that New Jersey is not an appropriate jurisdiction for transfer, Rollins Plaintiffs agree that the Northern District of California is suitable as an alternative.

---

[9] The Seirafi Plaintiffs' case was not the first to be filed against this defendant in relation to the data breach. The first case was filed in the United States District Court for the District of Nevada on September 6, 2022, but was thereafter voluntarily dismissed. *See Harmer v. Samsung Electronics America, Inc.*, 2:22CV01437, ECF #1 (Complaint filed) and #7 (Notice of Voluntary Dismissal).

932840.1

## CONCLUSION

For the reasons set forth herein, Rollins Plaintiffs respectfully request that the Panel centralize the Related Actions pursuant to Section 1407 and transfer all Related Actions to the District of New Jersey for coordinated pretrial proceedings.

|  | **LITE DEPALMA GREENBERG & AFANADOR, LLC** |
|---|---|
| Dated: October 26, 2022 | |

*/s/ Catherine B. Derenze*
Joseph J. DePalma
Catherine B. Derenze
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: 973-623-3000
jdepalma@litedepalma.com
cderenze@litedepalma.com

**HAUSFELD LLP**
James Pizzirusso
888 16th Street, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
jpizzirusso@hausfeld.com

**HAUSFELD LLP**
Steven Nathan
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: (646) 357-1100
snathan@hausfeld.com

**DICELLO LEVITT LLC**
Amy Keller
James A. Ulwick
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
akeller@dicellolevitt.com
julwick@dicellolevitt.com
*Counsel for Plaintiffs and the*
*Putative Class and Subclasses*

932840.1